# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **BECKY A. SELBY,** | : CIVIL ACTION NO. 1:19-CV-61 |
| Plaintiff | : |
| | : (Chief Judge Conner) |
| v. | : |
| **HOLLY T. SCHROEDER,** | : |
| Defendant | : |

## ORDER

AND NOW, this 23rd day of October, 2019, upon consideration of the clerk's entry of default (Doc. 13) against formerly *pro se* defendant Holly T. Schroeder ("Schroeder"), as well as Schroeder's counseled motion (Doc. 20) to set aside entry of default, and the opposition (Doc. 22) thereto by plaintiff Becky A. Selby ("Selby"), and the court observing that a defendant must show "good cause" for a court to set aside the entry of default, FED. R. CIV. P. 55(c), and that the court must consider (1) whether the non-defaulting party will be prejudiced if default is set aside, (2) whether the defaulting party has a meritorious defense, and (3) whether the default resulted from "culpable" conduct, Doe v. Hesketh, 828 F.3d 159, 175 (3d Cir. 2016) (quoting United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984)), and the court, addressing each factor in turn, observing: *first*, that Selby does not claim that setting aside the clerk's entry of default will result in specific prejudice, (see Doc. 22), and that requiring a party to litigate its claim on the merits is not prejudice, see Davis v. Metro. Life Ins. Co., No. 1:13-CV-2741, 2015 WL 574616, at *3 (M.D. Pa. Feb. 11, 2015) (Conner, C.J.) (citing Griffin v. Lockett, No. 1:08-CV-

1120, 2009 WL 179780, at *2 (M.D. Pa. Jan. 26, 2009)); Accu-Weather, Inc. v. Reuters Ltd., 779 F. Supp. 801, 802 (M.D. Pa. 1991); *second*, that a defaulting party is not required to prove a defense at this stage, but only that it has a defense which is plausible on its face, see Hritz v. Woma Corp., 732 F.2d 1178, 1181 (3d Cir. 1984); Accu-Weather, 79 F. Supp. at 803 (citing Emcasco Ins. Co. v. Sambrick, 834 F.2d 71, 74 (3d Cir. 1987)), and that Schroeder intends to raise a jurisdictional defense which appears to be plausible, (Doc. 20 ¶ 17; Doc. 21 at 11-13); and *third*, that "culpable" conduct is that which is done "willfully or in bad faith," Chamberlain v. Giampapa, 210 F.3d 154, 164 (3d Cir. 2000) (quoting Gross v. Stereo Component Sys., Inc., 700 F.2d 120, 124 (3d Cir. 1983)), and that, taking Schroeder's explanation as true, there is nothing in the record suggesting willfulness, bad faith, or otherwise culpable conduct on Schroeder's behalf, and that Schroeder in fact immediately filed a *pro se* answer with the court upon receipt of the notice of entry of default, (see Doc. 14), as well as a *pro se* "motion to open default judgment," (Doc. 15), and promptly secured the services of counsel, suggesting good-faith intent to fulfill her obligations in this lawsuit and to defend against Selby's claims, and the court further being mindful of the preference in the Third Circuit Court of Appeals that "doubts be resolved in favor of setting aside the default and reaching the merits," Zawadski de Bueno v. Bueno Castro, 822 F.2d 416, 420 (3d Cir. 1987) (collecting cases), and the court thus concluding that the default should be set aside, it is hereby ORDERED that:

1. Schroeder's motion (Doc. 20) to set aside entry of default is GRANTED.

2. Schroeder's *pro se* motion (Doc. 15) to open default judgment is DISMISSED as moot.

3. Schroeder shall file a counseled response to Selby's complaint on or before **Wednesday, November 6, 2019**.


          /S/ CHRISTOPHER C. CONNER
          Christopher C. Conner, Chief Judge
          United States District Court
          Middle District of Pennsylvania